©aniel, Judge-
 

 The first section of the act of 1822, declares, that where- any debtor shall be taken upon any
 
 ca. sa.,
 
 for any debt, &c., and shall be desirous to take the benefit of the oath for the 'relief of insolvent debtors, it shall be lawful for such debtors to tender to the sheriff of the county, deputy, &Cv, by w'hom he may be taken, a bond payable to the party at whose instance the arrest was made, to appear at the next court and abide such proceedings as may be had by the Court in relation to his taking the benefit of the act. The second section makes it the duty of the sheriff to release the debtor from confinement or custody, on the tender of such bond as is prescribed in the.act. The plaintiff contends, that Jones' was not entitled to the benefit of this act; but that he should have been put to jail, and there remained twenty days; and taken the benefit of the insolvent act of 1773,
 
 (jRev. c.
 
 100). That the act of 1822 only embraced those debtors who were taken out of Court by the officers, by
 
 *358
 
 virtue of a judicial writ of
 
 ca. sa.
 
 We do not agree in opinion with the plaintiff. Such a construction of the act of 1822, would, as it seems to us, be too rigid. It would exclude from the benefit of thé act, all that class of debtors who should be surrendered to the Court by their'bail, or who should surrender themselves in,discharge of their bail; although their claims to the benefit of the act seem to rest on principle equal to any other class of debtors. There is neither reason nor policy for such a discrimination; and the legislature did not, we think, intend to make a distinction between debtors standing in these different positions. It seems to us, that the order made by the Court, on the surrender of the bail, that the body of Jones should be taken and held in the custody of the sheriff, until the judgment was satisfied, brings his case within the meaning of the act. And when the sheriff received Jones by virtue of that order, he was “
 
 taken,”
 
 within the spirit and meaning of the act ; and he had a right to tender his bond to the sheriff, who was obliged to receive the same, and discharge him. Such a course of proceeding seems to be plainly within the direction of the act. We are therefore of the opinion, that the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.